IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIRMAL VASHISHT and )
SURINDER VASHISHT, )
 )
    Plaintiffs, )
             v. )    Civil No. 19-1509
 )
 )
SIDHU SUBS, LLC,  SHAMS )
ASSOCIATES, LLC, and )
AMAN TULSHAR, INC. )
 )
    Defendants. )

OPINION

Plaintiffs, Nirmal Vashisht and Surinder Vashisht, bring the within action for alleged

violations under the Fair Labor Standards Act (FLSA) (Count I), the Pennsylvania Minimum

Wage Act (Count II), and Wage Payment and Collection Act (Count III) against Defendants,

Sidhu Subs, LLC (Sidhu), Shams Associates, LLC (Shams), and Aman Tulshar, Inc (Tulshar).

Plaintiffs have moved for partial summary judgment on Count I as to the liability of Sidhu and

Tulshar.  (ECF No.  22).  The matter is now ripe for consideration.

After consideration of Plaintiffs' Motion for Partial Summary Judgment (ECF No. 22),

the respective briefs (ECF Nos. 23, 26, and 30), the respective Concise Statements of Material

Fact, Responses, and Appendices (ECF Nos. 24, 25, 27, 28, and 31), the relevant pleadings, and

for the following reasons, Plaintiffs' Motion for Partial Summary Judgment will be granted.

I.      Background

Sidhu is a Pennsylvania limited liability corporation that owns a Subway Restaurant franchise in Penn Hills, Pennsylvania ("the Penn Hills Subway").   (ECF No. 24 at ¶ 3).[1] Tulshar, is a Pennsylvania corporation that owns a Subway Restaurant franchise located inside of a Wal-Mart store in North Versailles, Pennsylvania ("the North Versailles Subway").  *Id*. at ¶ 4. Plaintiffs are former employees of Tulshar and Sidhu. *Id*. at ¶ 34. From late 2013 until January 2019, Plaintiffs, Nirmal and Surinder Vashisht, worked at both the North Versailles Subway and the Penn Hills Subway. *Id*. at ¶ 35.  Both Nirmal and Surinder Vashisht worked each week at either the Penn Hills Subway or the North Versailles Subway, depending on Defendants' assigned schedule. *Id*. at ¶ 42. While working at the Penn Hills Subway or the North Hills Subway, Nirmal and Surinder Vashisht typically worked from the time the store opened until the store closed, with one half-hour break each day. *Id*. at ¶ 43. Whether working at the Penn Hills Subway or the North Hills Subway, Nirmal Vashisht typically worked 10–12 hour shifts, six days per week. *Id*. at ¶ 44. Whether working at the Penn Hills Subway or the North Hills Subway, Nirmal Vashisht estimates that she worked approximately 60–65 hours per week. *Id*. at ¶ 45. Whether working at the Penn Hills Subway or the North Hills Subway, Surinder Vashisht typically worked 10–12 hour shifts, six days per week. *Id*. at ¶ 46. Whether working at the Penn Hills Subway or the North Hills Subway, Surinder Vashisht estimates that he worked

---

[1]  Defendants did not file a responsive concise statement of material facts that specifically denies or controverts the Plaintiffs' Concise Statement of Material Facts. (ECF No. 24).   Under Local Rule of Civil Procedure 56(E), "[a]lleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party."  Therefore, the Court's recitation of the background reflects those facts deemed admitted because Defendants did not address the same in any separately filed response to Plaintiffs' Concise Statement of Material Facts or in Defendants' Concise Statement of Material Facts.  (ECF No. 27).

approximately 60–65 hours per week. *Id*. at ¶ 47. Defendants promised to pay both Plaintiffs $9.00 per hour for all hours worked. *Id*. at ¶¶ 48, 53.  Defendants did not pay Plaintiffs for all hours worked.   *Id*. at ¶¶ 49, 54. Defendants also did not pay either Plaintiff any overtime premium for hours worked over 40 in a week. *Id*. at ¶¶ 51, 56.

Sidhu and Tulshar have three common owners.  Tulshar is owned by Rattandeep Singh Virk (40%), Aman D. Sidhu (20%), Daljit Khara (20%), and Manjit S. Khara (20%).  *Id*. at ¶¶ 5-8.  Sidhu is owned by Mr. Virk (50%), Daljit Khara (25%), and Manjit Khara (25%).  *Id*. at ¶¶ 9-11.  In addition to common owners, Tulshar and Sidhu had common management.  Adolat Pulatova managed both the Penn Hills and North Versailles Subways and reported to Mr. Virk, who held an ownership stake in both restaurants. *Id*. at ¶¶ 12-13.  Pulatova's duties were the same at both locations.  *Id*. at ¶ 14.  These duties included training employees, operating within Subway corporate guidelines, scheduling employees, depositing money, and ordering payroll. *Id*. at ¶ 15.  Mr. Virk has the authority to hire and fire employees at both restaurants.  *Id*. at ¶ 26.

During the relevant time period, the gross revenue of Sidhu totaled $482,696 (2016), $414,313 (2017), and $399,765 (2018).  *Id*. at ¶¶ 28-30.  As regards Tulshar, the gross revenue totaled $320,447 (2016), $328,430 (2017), and $319,339 (2018).  *Id*. at ¶¶ 31-33.  Because each entity had an annual gross volume of sales less than $500,000.00 during the relevant time period, Defendants assert an exemption from the FLSA as an affirmative defense.  (ECF No. 3 at p. 9).

Neither Tulshar nor Sidhu maintain any employee personnel files for employees at the North Versailles Subway and the Penn Hills Subway.  (ECF No. 24 at ¶ 20).  Defendants have produced no record of the hours worked by Nirmal or Surinder Vashisht. *Id*. at ¶ 40.  Defendants assert that "complete, permanent payroll records for all employees, including the plaintiffs, have been maintained by [their] payroll service ADP."  (ECF No. 28 at p. 4).

In their Motion for Partial Summary Judgment, Plaintiffs raise two issues in seeking to establish liability as to their FLSA claim (Count I). First, Plaintiffs contend that, despite Defendants' affirmative defense that they are exempt from the FLSA, Sidhu and Tulshar were Plaintiffs' employers and covered by the FLSA. Second, Plaintiffs maintain that they worked in excess of 40 hours in a week without receiving an overtime premium.

II.      Standard of Review

According to Federal Rule of Civil Procedure 56, a court must grant summary judgment where the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a dispute to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (internal quotations omitted). Additionally, for a factual dispute to be material, it must have an effect on the outcome of the suit. *Id.* In reviewing and evaluating the evidence to rule upon a motion for summary judgment, the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the" non-moving party. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (internal quotations omitted). However, where "the non-moving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,'" the moving party is entitled to judgment as a matter of law. *Moody*, 870 F.3d at 213 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "Discredited

4

testimony is not normally considered a sufficient basis for drawing a contrary conclusion. Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.* at 256-57 (internal citation omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted). Judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of the party." *Id.* at 251 (internal citation omitted).

    III.    Discussion

        A.  FLSA-Count I

            1.  Enterprise Coverage

Plaintiffs argue that both Sidhu and Talshar are subject to the FLSA because they are an "enterprise" as defined by statute. Namely, the two entities engaged in "related activities" toward a "common business purpose" under "common control," and that Sidhu and Talshar had combined gross sales in excess of $500,000.00. Defendants contend that under promulgated regulations, whether two or more entities comprise an enterprise is a fact question if no one owns more than fifty percent. They also argue that the inquiry into whether two separate entities are one enterprise is "difficult and convoluted," and therefore creates a question of fact. In response, Plaintiffs deny that any questions of fact exists as to "enterprise coverage." Namely, they argue that the salient facts to determine this issue have not been disputed by Defendants by virtue of their failure to respond to Plaintiff's Concise Statement of Material Facts.

The FLSA's overtime provisions apply to enterprises that are: (1) "engaged in commerce or in the production of goods for commerce," 29 U.S.C. §§ 203(s)(1), 207(a); (2) that "has

employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved or produced for commerce by any person," 29 U.S.C. § 203(s)(1)(A); and (3) generates at least $500,000 in gross annual sales, 29 U.S.C. § 203(a)(1)(A)(i–ii). *See also, Marshall v. Brunner*, 668 F.2d 748, 751–52 (3d Cir. 1982). The FLSA defines "enterprise" to include "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments." 29 U.S.C. § 203(r)(1).

Here, Defendants' arguments regarding issues of fact in Plaintiffs' Partial Motion for Summary Judgment are unavailing.  By not directly responding to many of the facts contained within the Plaintiffs' Concise Statement of Material Facts, the pertinent facts required to conduct an analysis of the liability determination as regards Count I are undisputed.  Sidhu and Tulshar engaged in an enterprise, because they engaged in the "related activity" for a "common business purpose."  Both entities exist to own and operate Subway restaurants, which share name, logo, and restaurant formats.   They likewise operate under common ownership with common control. Sidhu Subs is owned by Daljit Khara, Manjit Khara, and Rattandeep Singh Virk. The same three individuals own 80% of Tulshar (with Aman D. Sidhu owning the remaining 20%).  The same individual, Adolat Pulatova, manages for both Sidhu and Tulshar and performed the same duties for both.   Likewise, Mr. Virk, who has an ownership stake with both Defendants, had the ability to hire and fire employees with both Sidhu and Tulshar.   Defendants offer no controverting fact or issue of credibility on whether the enterprise coverage elements are met.  Moreover, when considering the gross sales of both Sidhu and Tulshar, over the relevant time period, said sales exceeded $500,000.00 per year. Thus, there is no genuine question of material fact that Sidhu

and Tulshar are subject to "enterprise coverage" under Section 207 of the FLSA. Therefore, both Sidhu and Tulshar are not exempt under the FLSA, and their affirmative defense is inapplicable.

Accordingly, Plaintiffs' Motion for Partial Summary Judgment, as regard Defendants' affirmative defense of exemption under the FLSA, will be granted.

### B. Unpaid Overtime

Plaintiffs argue that, during the relevant time period, they worked in excess of 40 hours per week without receiving any overtime premium. They assert that they typically worked six days per week, working 10-to-12-hour shifts. Plaintiffs contend they did not receive overtime, or any compensation for hours worked over 40 in a week either from Sidhu Subs, Aman Tulshar, or any other entity. Defendants assert, through the testimony of Adolat Pulatova. that Plaintiffs never worked in excess of their scheduled 40 hours per week at either Subway store. Defendants further contend that its payroll provider, ADP, maintained Plaintiffs' payroll records.

Section 7(a) of the FLSA requires employers to either (1) limit their employees' workweek to 40 hours or (2) pay their employees an overtime premium—calculated at 1.5 times the employees' standard rate of pay—for hours over 40 in a workweek. 29 U.S.C. § 207(a). Generally speaking, the plaintiff in an FLSA case bears "the burden of proving that [an employee] performed work for which he was not properly compensated." *Sec'y U.S. Dep't of Labor v. Central Laundry, Inc.*, 790 Fed.Appx. 368 (3d Cir. 2019) (internal citation omitted). But, since that burden is harder to meet if the employer failed to maintain adequate records, "'rather than penalizing the employees by denying recovery based on an inability to prove the extent of undercompensated work,' the [plaintiff] may 'submit sufficient evidence from which violations of the Act and the amount of an award may be reasonably inferred.' " *Central*

7

*Laundry*, 790 Fed.Appx. at 372 (quoting *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296–96 (3rd Cir. 1991)).

The duty to maintain and preserve time records is a non-delegable duty of employers. *See Dole v. Solid Waste Servs., Inc.*, 733 F.Supp. 895, 924 (E.D. Pa. 1989) ("It is well settled that the employer bears the burden of keeping accurate wage and time records, and that the duty cannot be delegated to employees."); see 29 U.S.C. § 211(c) ("Every employer ... shall make, keep, and preserve such records of the persons employed by him ..." (emphasis added)). "Defendants cannot deflect their responsibilities under the FLSA to payroll processing companies." *Acosta v. Heart II Heart*, LLC, 2:17-CV-1242, 2019 WL 5197329, at *7 (W.D. Pa. Oct. 15, 2019).

An employer's failure to comply with these record-keeping provisions has important ramifications for an employee's burden of proof in an FLSA action. The Third Circuit has consistently followed Supreme Court precedent in recognizing that "[A]n employee should not be penalized and an employer benefitted by the employer's failure to comply with its duty under [29 U.S.C. § 211(c) ] to maintain accurate records." *Williams v. Tri–County Growers*, 747 F.2d 121, 128 (3d. Cir. 1984); *see Martin v. Selker Bros.*, 949 F.2d 1286, 1297 (3d Cir.1991) ( "The burden of any consequent imprecision from the absence of an employer's records must be borne by that employer"). Thus, while no per se liability arises from an employer's failure to maintain its section 11(c) payroll records, the Supreme Court has stated that such a failure necessitates applying a burden shifting analysis to militate against making an employee's burden of proof an impossible one. *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds*. When an employer cannot come forward with payroll records that are adequate to satisfy section 11(c), an employee satisfies the burden of proof if he or she produces enough evidence to permit a court to make a "fair and reasonable" inference that the employee

performed work for which he or she received improper compensation. *Id.*; *Tri–County Growers*, 747 F.2d at 128 ("The employee need only introduce enough evidence to support a reasonable inference of hours worked."). Once satisfied, the burden shifts to the employer, who must provide evidence that sets forth the "precise amount of work performed" or that otherwise "negatives the reasonableness of the inference to be drawn from the employee's evidence." *Mt. Clemens*, 328, U.S. at 687. If the employer cannot satisfy its burden, a court may then award an employee damages, even though "the result may only be approximate." *Martin*, 949 F.2d at 1297 (quoting *Mt. Clemens*, 328 U.S. at 687).   A plaintiff's sworn testimony in and of itself is sufficient to meet the "just and reasonable inference" standard. *See id.*; *see also Marshall v. Van Matre*, 634 F.2d 1115, 1119 (8th Cir.1980). The general rule that "conclusory self-serving affidavits are insufficient to withstand a motion for summary judgment," *Gonzalez v. Sec'y of the Dep't of Homeland Sec.*, 678 F.3d 254, 263 (3d Cir. 2012), has been extended to self-serving deposition testimony. *See Irving v. Chester Water Auth.*, 439 Fed.Appx. 125, 127 (3d Cir. 2011); *see also Hanna v. Giant Eagle Inc.*, Civil Action No. 15-1009, 2017 WL 1194676, at *12, 2017 U.S. Dist. LEXIS 34699, at *39–40 (Mar. 6, 2017). At summary judgment, the ultimate question is whether self-serving testimony, "when considered in conjunction with other evidence, is sufficient for a rational factfinder to credit [the declarant's] testimony, in spite of the testimony's self-serving nature." *Hanna*, 2017 WL 1194676, at *12, 2017 U.S. Dist. LEXIS 34699, at *40

Here, Plaintiffs have testified that they regularly worked more than 40 hours weekly. Plaintiffs have also asserted that they never received any overtime pay for this work.  To controvert this testimony, Defendants cannot rely on the fact that ADP maintains their payroll records.  As such, without records of Plaintiffs' time worked, the burden shifts to Defendants to counter Plaintiffs' testimony that they worked over 40 hours per week.  This would require

Defendants to provide evidence that set forth the "precise amount of work performed."
Defendants have not provided such evidence.  Rather than attempt to retrieve the precision of
any time records from ADP or elsewhere, Defendants have only provided self-serving
contradictory testimony.  Under the principles above, this is insufficient for Defendants to meet
their burden.   Because the Defendants have not come forward with the accurate and detailed
records needed to defeat the Plaintiffs' inference, summary judgment is appropriate as no
reasonable trier of fact could conclude that Plaintiffs had not worked beyond forty hours. As
such, Plaintiffs' Motion for Summary Judgment, as regard Defendants' liability on Count I, will
be granted.

      IV.    Conclusion

      Upon consideration of Plaintiffs' Motion for Partial Summary Judgment (ECF No. 22),
the respective briefs (ECF Nos. 23, 26, and 30), the respective Concise Statements of Material
Fact, Responses, and Appendices (ECF Nos. 24, 25, 27, 28, and 31), the relevant pleadings, and
for the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment will be granted.
Judgment will be entered against Defendants Sihu and Tulshar as regards liability to Count I.  An
appropriate order will follow.

 Dated:  November 10, 2021

BY THE COURT,

Marilyn J. Horan
United States District Court Judge