IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIRMAL VASHISHT and           )
SURINDER VASHISHT,            )
                             )
        Plaintiffs,           )
                v.            )        Civil No. 19-1509
                             )
                             )
SIDHU SUBS, LLC,  SHAMS       )
ASSOCIATES, LLC, and          )
AMAN TULSHAR, INC.            )
                             )
        Defendants.           )

OPINION AND ORDER

Defendants move for reconsideration of this Court's Opinion and Order (ECF Nos. 32 and 33), which entered judgment against them for liability under the Fair Labor Standards Act (Count I).  (ECF No. 35).  Plaintiffs have filed a Response in Opposition (ECF No. 38), and the matter is now ripe for reconsideration.

Upon consideration of Defendants' Motion for Reconsideration (ECF No. 35), the Plaintiffs' Response in Opposition (ECF No. 38), and for the following reasons, Defendants' Motion for Reconsideration will be denied.

I.       Standard of Review

A motion to reconsider "must rely on at least one of three grounds: 1) intervening change in controlling law, 2) availability of new evidence not previously available, or 3) need to correct a clear error of law or prevent manifest injustice." *Waye v. First Citizen's Nat'l Bank,* 846 F.Supp. 310, 313–14 (M.D.Pa.1994), *aff'd,* 31 F.3d 1175 (3d Cir.1994). Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, has already made. *Williams v. Pittsburgh,* 32 F.Supp.2d 236, 238

(W.D.Pa.1998). "Motions for reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.' " *Knipe v. SmithKline Beecham,* 583 F.Supp.2d 553, 586 (E.D.Pa.2008) (citing *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990)). Such motions may not be " 'used to revisit or raise new issues with the benefit of 'the hindsight provided by the court's analysis.'" *Id.* (citing *Marshak v. Treadwell,* No. 95–3794, 2008 WL 413312 at *7 (D.N.J. Feb. 13, 2008)). With regard to the third ground, litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" *Waye,* 846 F.Supp. at 314 n. 3 (citing *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D.Miss.1990)).

By reason of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. *Rottmund v. Continental Assurance Co.,* 813 F.Supp. 1104, 1107 (E.D.Pa.1992).

II.      Discussion

In their Motion for Reconsideration, Defendants contend that this Court erred by not considering counteraffidavits which denied that Plaintiffs had not worked overtime.  Defendants also seek clarification of as to what evidence they may present at trial.   Plaintiffs maintain that this Court's Opinion correctly identified the burden shifting under the FLSA, and that Defendants' only evidence, that they were not liable under the FLSA, came in the form of a self-serving affidavit.

Under the basic tenets of summary judgment motions, the non-movant bears the burden to present affirmative evidence to defeat a motion for summary judgment.  *See Anderson v.*

2

*Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is essentially "put up or shut up" time for the non-moving party: the non-moving party must rebut the motion with facts in the record. *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

Here, as discussed in this Court's Opinion and reiterated by Plaintiffs, Defendants made no effort to propound discovery on Plaintiff that would create a genuine issue of material fact under the FLSA burden-shifting standards. In absence of the Defendants' production of time records, Plaintiffs' claims, that they worked overtime, became sufficient to sustain their claim for FLSA liability.  Therefore, the Court finds no basis, under the reconsideration standards, to vacate its decision on FLSA liability.  As to Defendants' request for clarification, the Court reserves any evidentiary issues on damages evidence under Count I until the parties have provided input as to what they believe will be permissibly proffered and admitted at the time of trial.

Accordingly, Defendants' Motion for Reconsideration will be denied.

### ORDER

Following consideration of Defendants' Motion for Reconsideration (ECF No. 35), the Plaintiffs' Response in Opposition (ECF No. 38), and for the following reasons, Defendants' Motion for Reconsideration is denied.  A separate order will issue regarding the scheduling of an Initial Pre-Trial Conference.

 Dated:  December 6, 2021

BY THE COURT,

Marilyn J. Horan
United States District Court Judge